# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SWEETWATER COVE PROPERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PARK AT 500 LLC, <br><br> Defendant. | Civil Action No. |

## PLAINTIFF SWEETWATER COVE PROPERTY, LLC'S COMPLAINT

Plaintiff Sweetwater Cove Property, LLC ("Plaintiff" or "Sweetwater" or "Purchaser") brings this Complaint against Defendant Park at 500 LLC ("Defendant" or "Park" or "Seller") and states and alleges as follows:

## INTRODUCTION

1. Sweetwater brings this action against Defendant Park for breach of contract.

2. Sweetwater initiates this litigation in response to Park's material misrepresentations made to Sweetwater and Park's failure to maintain and operate the property at issue as required under the Contract of Sale ("Contract") executed between the Parties.

85758127v.2

3. Park has refused to remedy its misrepresentations and contractual breaches with Sweetwater.

4. For these reasons, as more fully discussed below, Sweetwater is seeking return of its monies currently held in escrow, monetary damages, and attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff Sweetwater Cove Property, LLC is a Florida limited liability company in good standing with its principal place of business at 4810 Jean-Talon West #408, Montreal, Quebec H4P 2N5, Canada.

6. Defendant Park at 500 LLC is a Delaware limited liability company with its principal place of business at 15 E Putnam Ave, Box #374, Greenwich, Connecticut 06830.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332(a)(1). Upon information and belief, the owner of Plaintiff Sweetwater is a citizen of Canada and the owner of Defendant Park is a citizen of Connecticut. Thus, Plaintiff Sweetwater and Defendant Park are citizens of different states and the amount in controversy exceeds the jurisdictional minimum of $75,000.

8. Venue is appropriate under 28 U.S.C. §1391(b)(2) because the Property (as herein defined) that is subject of the action is situated in this District.

9. The Contract has a permissive venue provision. Its language does not comport with that required by the Northern District of Georgia or the 11th Circuit to expressly reflect the Parties' intent for a mandatory venue selection clause. *See, e.g.*, *Greenberry Indus., LLC v. ESI, Inc. of Tennessee*, No. 1:22-CV-206-TWT, 2022 WL 2237824, *2-3 (N.D. Ga. June 22, 2022) (As in *Greenberry*, while the venue provision in the Contract clearly prohibits Sweetwater from contesting venue and jurisdiction in New York, it does not provide that Sweetwater may not file suit elsewhere. Additionally, the subject property is located in Georgia and the Contract requires application of Georgia law.)

## FACTUAL BACKGROUND

### A. The Contract of Sale

10. On March 29, 2022, Sweetwater and Park entered into the Contract for the purchase of multi-family residential property located at 500 Hambrick Road, Stone Mountain, Georgia 30083 (the "Property") for $97,650,000. (The Contract is attached as **Exhibit A**.)

11. On March 30, 2022, pursuant to Section 2.02 of the Contract, Sweetwater deposited the "Initial Downpayment" in the amount of $1,000,000 with escrow agent, Commonwealth Land Title Insurance Co. (the "Escrowee").

12. On May 2, 2022, pursuant to Section 2.02 of the Contract, Sweetwater deposited the "Additional Downpayment," in the amount of $500,000 with the Escrowee (collectively with the "Initial Downpayment," the "Downpayment").

13. On May 3, 2022, the Parties contemplated and agreed to a closing date to be held no later than June 30, 2022 ("Closing Date").

14. Prior to closing, Sweetwater discovered numerous material misrepresentations made by Park, as well as actions in violation of express terms of the Contract.

**B. Park's Contractual Violations**

15. Section 1.01 of the Contract requires Seller to sell to Purchaser, among other things, the "appurtenances." Seller could not do this. The Contract defines "appurtenances" to include "all right without limitations, title and interest of [Park], if any, in and to (i) the leases, licenses and occupancy agreements for space in the [Property], and all guarantees thereof, effective on the Closing Date."

16. Park is not, in fact, in possession of multiple appurtenances, including a business license, fire inspection reports for 2021 and 2022, and a certificate of occupancy; thus, Park would be unable to deliver these appurtenances to Sweetwater on the Closing Date.

4

17. Section 6.03 of the Contract states that through the Closing Date, Park "shall continue to lease, manage and operate the [Property] consistent with its current practices at the [Property] as of the Effective Date" of March 29, 2022.

18. Park had demonstrated multiple actions inconsistent with its practices as of March 29, 2022. Specifically, Sweetwater discovered significant loss of electricity service for multiple common areas and units, such as the breezeways and vacant units, located at the Property. Sweetwater also discovered Park's failure to maintain the Property, including several lighting and safety hazards.

19. Section 6.04 of the Contract states that Park shall not "extend, renew, replace or otherwise modify any Lease … or enter into any new lease …" without Sweetwater's consent absent except certain circumstances.

20. In contravention of its contractual obligations under Section 6.04, Park failed to obtain Sweetwater's prior consent with respect to leasing and executed leases outside of the scope of the Contract.

21. During the due diligence period and Property walkthrough, Sweetwater also discovered that Park failed to meet its obligations under the Contract regarding the secondary clubhouse (the "SC"). Specifically, Sweetwater discovered:

    a. The SC was being utilized as an after-school program called, "The Lighthouse," for which Park failed to obtain any proper city authorization or certification;

    b.    The SC did not have at least two bathrooms, as required by municipal code;

    c.    The SC did not provide any handicap accessibility and possessed only a stairway to access the second floor; and

    d.    The SC had complications relating to plumbing.

22. Additionally, Sweetwater recently learned that Park failed to previously test the units on the Property for asbestos.

23. Sweetwater later discovered that several units on the Property tested positive for the presence of asbestos and that it is highly likely there are additional asbestos infestations throughout the Property.

24. Further, Sweetwater determined there are material variances in the financial statements and the source documents provided during the due diligence period. The variances include overstatements of collections and accounts receivables and understatements of bad debt expenses.

### C. Sweetwater's Request for Park to Remedy Its Breaches

25. Considering Park's numerous material misrepresentations and contractual violations, on May 17, 2022, Sweetwater requested a purchase price reduction from Park so that Sweetwater may, after closing, use its own funds to address Park's multiple violations and misrepresentations.

85758127v.2

26. Between May 17, 2022 and June 26, 2022, Sweetwater made multiple requests to Park for a purchase price reduction because of these substantial misrepresentations and violations regarding the Property.

27. Park rejected Sweetwater's requests, and pursuant to Section 9.03 of Contract, Sweetwater provided Park with notice that it would not be closing on the Property on June 30, 2022.

28. Additionally, Sweetwater demanded recoupment of the $1,500,000 Downpayment it placed in escrow on March 30, 2022 and May 2, 2022.

29. Simultaneously, Sweetwater informed the Escrowee of Sweetwater's determination and requested the Escrowee not release the Downpayment to Park until either resolution of the Parties' dispute or a court order requiring release of the Downpayment.

## COUNT ONE
## BREACH OF CONTRACT

30. Sweetwater restates and incorporates by reference those allegations set forth in paragraphs 1 through 29 above, as if set forth fully herein.

31. Park executed a valid agreement with Sweetwater in exchange for valuable consideration, through which it agreed to sell the Property to Sweetwater.

32. Per the Parties' Agreement, the Closing Date for the Property was to take place no later than June 30, 2022.

85758127v.2

33. Upon the Closing Date, Sweetwater had met all of its contractual obligations, including the $1,500,000 Downpayment to the Escrowee.

34. To date, Park has failed to perform its obligations under the Contract.

35. In material breach of Section 1.01, Park represented that it would provide certain appurtenances to which Sweetwater was entitled on the Closing Date. However, Park is not in possession of these appurtenances and is thus unable to fulfill this obligation under the Contract.

36. In material breach of Section 6.03, Park failed to continue operations consistent with practices as of March 29, 2022, which includes significant loss of lighting throughout the Property and lighting and safety hazards.

37. In material breach of Section 6.04, Park failed to obtain prior consent with respect to leasing and executed leases outside of the scope of the Contract.

38. Park materially breached the representations and warranties under the Contract because the SC is substantially out of legal compliance.

39. Further, Park materially breached the representations and warranties under the Contract because several units have tested positive for the presence of asbestos, and there is a high likelihood there are asbestos infestations throughout the Property.

85758127v.2

40. Park also breached its contractual obligations because there are material variances in the financial statements and the source documents provided during the due diligence period relating to collections, accounts receivables, and bad debt expenses.

41. Park's actions in failing to cooperate in fulfilling the intent of the Contract created uncertainty for Sweetwater in determining whether to proceed or cancel the Contract. Sweetwater has been forced to expend money, time, and attention to deal with that uncertainty.

42. Sweetwater has been damaged by Park's material breaches and misrepresentations of the Contract.

43. Park's material breaches and misrepresentations have additionally deprived Sweetwater of its $1,500,000 Downpayment currently in escrow, to which Sweetwater would be entitled under Contract, had Park performed as contemplated.

44. Accordingly, Sweetwater has been injured as a result of Park's material breach of the Contract and is entitled to damages to be proven at trial, including Sweetwater's $1,500,000 Downpayment, monetary damages, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

85758127v.2

1. Its $1,500,000 Downpayment in escrow;

2. An award of damages;

3. An award of reasonable attorneys' fees, costs, accrued prejudgment interest, and expenses; and

4. Such other and further relief as the Court deems just and equitable.

DATED:  August 4, 2022

By: /s/ *Rebecca Woods*
Rebecca Woods
Georgia Bar No. 942321
Racquel V. McGee
Georgia Bar No. 206826
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056

Attorneys for Plaintiff

85758127v.2